# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY KINARD,

      **Plaintiff,**           CIVIL ACTION NO. 04-CV-70542-DT

vs.

                              DISTRICT JUDGE AVERN COHN

LARRY NUNNERY,           MAGISTRATE JUDGE MONA K. MAJZOUB
et. al,

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion to Compare Authentication of Plaintiff's Second Supplemental Complaint, Motion for Miscellaneous Injunctive Relief, and Motion to Supplement the Complaint (Docket # 26) should be **DENIED**.

\*\*\*

      This is a prisoner civil rights complaint filed on March 2, 2004, pursuant to 42 U.S.C. § 1983. The case has been referred to the undersigned for all pretrial proceedings. On June 14, 2004, Plaintiff filed a Second Motion to Supplement the Complaint which this Court granted thereby adding Defendants Walsh, Hovey, and Kennedy. On January 25, 2005, Plaintiff filed a Motion to Compare Authentication of Plaintiff's Second Supplemental Complaint Dated 6/1/2004, Plaintiff's Affidavit in Opposition and for an [sic] Continuance, And Postponement to Defendant's Motion To Dismiss Dated 7/18/2004, and Motion for Injunctive Relief.

      In his motion, Plaintiff contends that his Second Motion to Supplement the Complaint was "withheld and altered" by Defendants. Accordingly, Plaintiff asks that he be allowed to "compare the authentication of the pleadings" (Plaintiff's Motion to Compare, pg. 5). A review of the record demonstrates that the Clerk of the Court filed an original and signed copy of Plaintiff's Second Motion

to Supplement the Complaint which document does not appear to have been altered in any manner. Therefore, Plaintiff's Motion to Compare Authentication of Plaintiff's Second Supplemental Complaint is **DENIED**.

Plaintiff further alleges that although he has mailed numerous discovery requests to the court, the Clerk of the Court has failed to enter those documents as part of the Court's record. Apparently, Plaintiff seeks to have those discovery requests and accompanying proofs of service docketed. Pursuant to E.D. Mich. LR 26.2[1], Plaintiff's request is **DENIED**.

Attached to Plaintiff's motion he submits several Disbursement Authorization Forms signed by MDOC employees Kennedy, Walsh, Brooks, Ramsey, and Sweeney. Plaintiff now "moves the Court pursuant to Fed. R. Civ. P. 15(d) to Supplement the Complaint to add all the named individuals on the forms herein mentioned." (Plaintiff's Motion, pg. 6). Because Judge Cohn has already allowed Plaintiff to supplement his complaint to add Kennedy and Walsh, Plaintiff's request to Supplement the Complaint is **DENIED** as moot as to Kennedy and Walsh. The Court must now determine whether to allow Plaintiff to amend his complaint to name Brooks, Ramsey, or Sweeney as additional defendants.

After a party has filed a complaint and later wishes to amend his original complaint, he must do so in accordance with Fed. R. Civ. P. 15(a) which reads,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Apposite to the issue of adding and dropping parties to a complaint is Fed. R. Civ. P. 21 which states,

---

[1] E.D. Mich. LR 26.2 provides that "[d]epositions, interrogatories, requests for the production of documents, requests for admission and responses to such discovery shall not be filed with the Clerk [none of the exceptions are applicable]". The Comment to the local rule further provides that "[t]he Court has extended the prohibition of filing discovery material to include the certificate of service of such discovery material."

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Granting leave to amend a complaint is discretionary and may depend on several factors including, but not limited to, a finding of bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the Court recommends that Plaintiff's Motion to Supplement Complaint be denied as to Brooks, Ramsey, and Sweeney because Plaintiff has failed to allege or demonstrate exhaustion of his administrative remedies under the Prison Litigation Reform Act.[2] Thus, allowing Plaintiff to supplement his complaint to add these individuals would be futile in light of the PLRA's exhaustion requirement. Therefore, Plaintiff's request to Supplement the Complaint should be **DENIED** as to Brooks, Ramsey, and Sweeney.

Plaintiff also seeks an extension of time or continuance in which to file a responsive pleading to Defendants' Motion to Dismiss filed on June 28, 2004. The undersigned already issued a Report and Recommendation addressing Defendants' dispositive motions filed on June 28, 2004 which the Court Adopted in part and Rejected in part over Plaintiff's objections. Therefore, Plaintiff's request for an extension of time is **DENIED** as moot.

---

[2] The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998).

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


Dated: July 14, 2005                                s/ Mona K. Majzoub
                                                                 MONA K. MAJZOUB
                                                                 UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Anthony Kinard and Counsel of Record on this date.

Dated: July 14, 2005                                s/ Lisa C. Bartlett
                                                                 Courtroom Deputy