UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY KINARD,

       Plaintiff,                CIVIL ACTION NO. 04-CV-70542-DT

vs.

                                  DISTRICT JUDGE AVERN COHN

LARRY NUNNERY,            MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

This matter comes before the Court on Defendants' Motion For More Definite Statement filed on June 2, 2006. (Docket no. 79). Plaintiff has responded to the motion. (Docket nos. 94, 96). Judge Cohn referred this case to the undersigned to conduct all pretrial matters. (Docket no. 7). This matter is therefore ready for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, this motion will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

Plaintiff is a prisoner who began this 42 U.S.C. § 1983 action *pro se* alleging that Defendants, MDOC employees, had interfered with his legal mail. Plaintiff added more Defendants by way of supplemental complaints. (Docket nos. 6, 13). The two original Defendants moved to dismiss or for summary judgment. (Docket no. 14). This Court submitted

a Report and Recommendation to Judge Cohn who adopted in part the recommendations made. (Docket no. 38). Attached to Judge Cohn's Order of April 15, 2005 is a spreadsheet which lists the Defendants remaining in the case after his Order and the claims remaining against each Defendant. No other amendments to the Complaint have been allowed after the April 15 order.

Pursuant to the April 15, 2005 Order, Defendants Wolfenbarger, Scott, Cook, Redmond, Walsh, Hovey, and Kennedy were added to this action. (Docket no. 57). The newly added Defendants, with the exception of Cook, have now filed the instant motion for Plaintiff to provide a more definite statement. Judge Cohn also appointed counsel for Plaintiff after his April 15 Order, (although counsel and Plaintiff appear to be having some problems communicating at this time). Defendants contend that the complaint is so vague and ambiguous that they cannot reasonably be required to frame a responsive pleading. (Docket no. 79). They request that the Court order Plaintiff to file an amended complaint and prohibit him from filing future supplemental complaints. (*Id.*)

The scope and conduct of discovery is within the discretion of the Court. *Ventura v. The Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005). Rule 12(e), Fed. R. Civ. P., provides as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

The Court acknowledges that the Complaint as supplemented in this action is not a model of clarity. However, it was filed by a *pro se* litigant at the time and the claims have now been reviewed and discussed by the undersigned and by Judge Cohn. The spreadsheet attached to Judge Cohn's Order of April 15, 2005 should provide guidance to the new Defendants as to the claims remaining, the Defendants against which those claims are made, the dates of the claims, and the dates of the grievances by which the claims made were exhausted in the administrative process. Defendants fail to mention Judge Cohn's Order and its identification and organization of the remaining claims. The Court believes that the claims now are sufficiently particularized so that Defendants should be able to proceed. Defendants' motion for a more definite statement will therefore be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion for More Definite Statement (docket no. 79) be **DENIED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:   November 08, 2006              s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 08, 2006                           s/ Lisa C. Bartlett