UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTHONY KINARD,**

   **Plaintiff,**    **CIVIL ACTION NO. 04-CV-70542-DT**

vs.

          **DISTRICT JUDGE AVERN COHN**

**LARRY NUNNERY,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that Defendants' Motion To Dismiss For Failure To Prosecute Or To Cooperate filed on October 25, 2006 (docket no. 95) be DENIED.

**II.** **REPORT**:

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Prosecute or to Cooperate filed on October 25, 2006. (Docket no. 95). Plaintiff has responded to the motion. (Docket no. 96). This matter is therefore ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff is a prisoner who began this 42 U.S.C. § 1983 action *pro se* alleging that Defendants, MDOC employees, had interfered with his legal mail. Plaintiff added additional Defendants by way of supplemental complaints. (Docket nos. 6, 13). The two original Defendants moved to dismiss or for summary judgment. (Docket no. 14). This Court submitted a Report and Recommendation to Judge Cohn who adopted in part the recommendations made. (Docket no. 38). Attached to Judge Cohn's Order of April 15, 2005 is a spreadsheet which lists the Defendants remaining in the case

and which describes the claims remaining against each Defendant. No other amendments to the Complaint have been allowed after the April 15 order.

As a result of that April 15, 2005 Order, Defendants Wolfenbarger, Scott, Cook, Redmond, Walsh, Hovey, and Kennedy were added to this action. (Docket no. 57). Judge Cohn also appointed counsel for Plaintiff after his April 15 Order, although counsel and Plaintiff are having some problems communicating at this time. The new Defendants, with the exception of Cook, filed a motion for Plaintiff to provide a more definite statement. (Docket no. 79). That motion is being addressed in a separate Order. The new Defendants seek dismissal of this action under Fed. R. Civ. P. 41(b) based primarily on the disagreements that Plaintiff is having with his attorney and the communication or lack thereof between Plaintiff and his attorney.

Rule 41(b) allows the Court to dismiss an action or claims based on a plaintiff's conduct.[1] The sanction of dismissal is a drastic one which the Sixth Circuit has said "is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). Examples of a failure to prosecute are failing to appear at a pre-trial conference, failing to file a pre-trial statement, failing to prepare for conference, or failing to comply with the pre-trial order. *Id.*

Defendants have not cited any similar failings of counsel or the Plaintiff himself in this action. Defendants have shown a delay in the filing of the response to their motion for a more

---

[1] Rule 41(b), Fed. R. Civ. P., states as follows:
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

definite statement and that Plaintiff has failed to cooperate with his appointed counsel and has written vitriolic letters to him.  They allege that they are unable to defend themselves in this lawsuit because of Plaintiff's conduct, but fail to explain how this is so.  In short, Defendants have failed to show that Plaintiff has failed to prosecute this action.  Plaintiff's responses to and failure to cooperate with his counsel are regrettable, and the Court certainly does not condone such conduct in any  way.  Such conduct will work to Plaintiff's disadvantage in this proceeding.  The Court agrees that Plaintiff is squandering the opportunity to benefit from counsel's knowledge and experience in litigation of this sort.  However, so far Plaintiff's conduct has not progressed to the point where dismissal for failure to prosecute is warranted.  Defendants' motion should therefore be denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 08, 2006    s/ Mona K. Majzoub
                MONA K. MAJZOUB
                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 08, 2006    s/ Lisa C. Bartlett
                Courtroom Deputy